UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20037-Civ-Martinez-Sanchez

GOPRO, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

    This matter is before the Court on the Motion for Entry of Final Default Judgment Against

Defendants, ECF No. 61, filed by the Plaintiff, GOPRO, INC. ("GOPRO").[1]  A clerk's default

was entered against those Defendants listed in the "Schedule A" thereto numbered 1 to 8, 10, 12,

14 to 16, 18 to 26, 29 to 37, 39, 40, 42 to 47, 49 to 55, 61, 67, 80 to 82, 86, 88, 90 to 95, 98, 99,

104 to 106, 108, 112, 116, 117, 120, 121, 123, 125, and 127 to 129 (the "Remaining Defendants").[2]

ECF Nos. 58 (Clerk's Entry of Default), 57 at 3-6 (Schedule A).  Despite having been served, the

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation.  ECF No. 62.

[2] A clerk's default was also entered as to Defendants Nos. 13, 17, 27, and 28, listed in Schedule A to the Plaintiff's Motion for Entry of Clerk's Default.  *See* ECF No. 57.  However, since filing its motion for default judgment, the Plaintiff has filed a notice of voluntary dismissal as to Defendants Nos. 13, 17, 27, and 28.  *See* ECF No. 64.  Plaintiff thus no longer seeks a default judgment against those four defendants or against the other Defendants that it has voluntarily dismissed from this action, *see* ECF No. 61 at 2 n.1.  A modified Schedule A listing the Remaining Defendants that are the subject of both the Plaintiff's motion for default judgment and this Report and Recommendation is attached to this Report.  *See also* ECF No. 72.

Remaining Defendants failed to appear, answer, or otherwise respond to the complaint.  *See* ECF No. 29.  The Plaintiff now seeks entry of default final judgment against the Remaining Defendants. ECF No. 61.  Having carefully considered the Plaintiff's motion, the record in this case, the applicable law, and being otherwise fully advised, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. 61, be **GRANTED**.

## I.      BACKGROUND[3]

The Plaintiff commenced this action against the Remaining Defendants, alleging claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, *et seq.* (Count I); trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count II); false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count III); and common law unfair competition (Count IV).  *See* ECF No. 1.

Plaintiff GOPRO is the registered owner of the "GOPRO" and "HERO" trademarks, which are covered by U.S. Trademark Registration Nos. 3032989; 5008425; 5187830; 5214644; 5307372; 5375510; 5933092; 6252363; 6373283; 6720168; 4993752; 3308141; and 5375974 (collectively the "GOPRO Trademarks").  *Id.* at ¶¶ 1, 3, 19; *see also* ECF No. 1-2 (Certificates of Registration for the GOPRO Trademarks).  The GOPRO Trademarks are used in connection with the design, marketing, and distribution of GOPRO's high-quality digital cameras and accessories. *See* ECF No. 1 at ¶¶ 20-22, 26-27, 30, 69; ECF No. 5-1 at ¶¶ 4-8 (Declaration of Kathy Tsai). Plaintiff has exclusive rights in and to the GOPRO Trademarks.  ECF No. 1 at ¶ 28; ECF No. 5-1 at ¶ 4.

---

[3] The following facts are admitted as a result of the Defendants' default.  *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024); Section II *infra*.

Plaintiff is also the owner of the copyrights for groups of photographs of Plaintiff's products, which are covered by U.S. Copyright Office Registration Nos. VA 2-176-473; VA 2-331-408; VAu 1-337-071; VAu 1-407-358; Vau 1-407-538; VAu 1-407-562; VAu 1-407-667; VAu 1-444-037; VAu 1-432-651; and VA 2-096-117 (collectively the "GOPRO Copyrights"). ECF No. 1 at ¶¶ 1, 2, 19; ECF No. 1-1 (Certificates of Registration for the GOPRO Copyrights). The Plaintiff has exclusive rights in and to the Copyrights.  ECF No. 1 at ¶¶ 31, 54.

The complaint establishes that the Remaining Defendants are advertising, promoting, distributing, and performing Plaintiff's copyrights using counterfeits and confusingly similar imitations of Plaintiff's registered trademarks within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the seller identities set forth in the Schedule "A" attached to this Order (the "Seller IDs").  *See, e.g.*, *id.* at ¶¶ 4-5, 32-37, 48, 55, 70.  Plaintiff further asserts that the Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deceived unknowing consumers by using the GOPRO Copyrights and GOPRO Trademarks without authorization within the product descriptions of their online marketplace accounts, *see id.* at ¶¶ 37, 58, 72; (2) suggested to consumers that the Defendants' counterfeit products were "genuine and authorized products displaying the GOPRO Copyrights and bearing GOPRO Trademarks" and were manufactured by and come from a common source, *see id.* at ¶¶ 4, 41; (3) traded on the goodwill and reputation of the Plaintiff and its products through unauthorized use of the GOPRO Copyrights and GOPRO Trademarks, *see id.* at ¶¶ 52, 83; (4) caused confusion among the general public as to the origin and quality of the Defendants' counterfeit products, *see id.* at ¶¶ 4, 71, 77; (5) created a likelihood of confusion, mistake, and deception among the general public as to the Plaintiff's affiliation, connection, association, sponsorship, or approval of those counterfeit products, *see id.*

3

at ¶¶ 77, 84; and (6) fraudulently misrepresented by their statements and actions that the Defendants' counterfeit products are the Plaintiff's products, *see id.* at ¶¶ 4, 86. *See also, e.g.*, *id.* at ¶¶ 9, 34-35, 67, 80, 85.

Plaintiff seeks the entry of default final judgment against the Remaining Defendants in this action alleging copyright infringement, trademark counterfeiting and infringement, false designation of origin, and common-law unfair competition. *See* ECF No. 61. Plaintiff further requests that the Court (1) enjoin the Remaining Defendants from continuing to use the Plaintiff's trademarks and copyrights, including requiring the removal of the GOPRO Trademarks, GOPRO Copyrights, and any listings and images of counterfeit products that use or bear the GOPRO Trademarks or GOPRO Copyrights from websites and e-commerce stores; and (2) award Plaintiff damages. *See id.*

## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). The effect of a clerk's default is that all of the plaintiff's well-pled allegations are deemed admitted. *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only the well-pled allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion

to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Therefore, before entering a default judgment, a court must ensure that the well-pled allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered."). If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

If there are multiple defendants, the plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability. *Zuru Inc. v. Individuals*, No. 1:23-cv-22217-WILLIAMS/REID, 2024 WL 1809310, at *2 (S.D. Fla. Mar. 29, 2024). Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against all the remaining

defendants.  *Id.* (citing 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998), and *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting Defendant alone, pending the continuance of the cause, would be incongruous and illegal.")).

Here, the Plaintiff has stated in its motion that there are no allegations of joint and several liability with respect to damages.  *See* ECF No. 61 at 7.  The Remaining Defendants have not appeared and have defaulted.  Therefore, there is no possibility of inconsistent liability between the Remaining Defendants, and an adjudication may be entered.

### III.    ANALYSIS

#### A.    Claims

##### 1.    *Copyright Infringement Pursuant to 17 U.S.C. §§ 101, et seq. (Count I)*

The Copyright Act provides, in part, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author."  17 U.S.C. § 501(a).  A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) copying by defendants of constituent elements of the work that are original.  *See, e.g.*, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  For the first prong, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities," *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)), and a "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate," 17 U.S.C. § 410(c); *see also*, e.g.*, *Latimer*, 601 F.3d at 1233; *XYZ Corp. v. Individuals,*

*P'ships, & Unincorporated Ass'ns Identified on Schedule "A,"* 668 F. Supp. 3d 1268, 1274 (S.D. Fla. 2023).  The second prong, the copying element of an infringement claim, has two components: (1) Plaintiff must demonstrate that Defendants copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected.  *Latimer*, 601 F.3d at 1233; *XYZ Corp*, 668 F. Supp. 3d at 1274-75.

In the complaint, the Plaintiff alleged that it has the copyrights for groups of photographs of Plaintiff's products, and each group is registered with the United States Copyright Office and protected from infringement under federal copyright law: Registration Number VA 2-176-473, Effective Date October 12, 2019; Registration Number VA 2-331-408, Effective Date December 5, 2022; Registration Number VAu 1-337-071, Effective Date August 31, 2018; Registration Number VAu 1-407-358, Effective Date September 1, 2020; Registration Number Vau 1-407-538, Effective Date September 13, 2020; Registration Number VAu 1-407-562, Effective Date September 13, 2020; Registration Number VAu 1-407-667, Effective Date October 6, 2020; Registration Number VAu 1-444-037, Effective Date October 31, 2021; Registration Number VAu 1-432-651, Effective Date June 1, 2021; Registration Number VA 2-096-117, Effective Date March 30, 2017.  *See* ECF No. 1 at ¶¶ 1-2; *see also* ECF No. 1-1 (Certificates of Registration for the GOPRO Copyrights).

The Plaintiff attached the Copyright Registrations for the GOPRO Copyrights to the complaint, which indicate that each certificate of registration was "made before or within five years after first publication" of each copyrighted work, *see* 17 U.S.C. § 410(c), constituting prima facie evidence of the validity of the copyrights.  *See* ECF No. 1-1.  As such, the Plaintiff has pled and established that it is the owner of valid copyrights for the GOPRO Copyrights.  In addition,

the Plaintiff alleged that the Defendants were, without authorization, "directly cop[ying]" or using "strikingly similar, or at the very least substantially similar" representations of the GOPRO Copyrights in their selling, offering to sell, marketing, distributing, and advertising of infringing products. ECF No. 1 at ¶¶ 55, 57; *see also* ECF No. 5-4 (Photographs of Infringing Listings); ECF Nos. 61-2, 61-3, 61-4, 61-5 (Exhibit 1, Parts 1-4, Web Captures of Infringing Listings from Seller IDs). Furthermore, a review of the images copyrighted by the GOPRO Copyrights and the images published by the Defendants supports the Plaintiff's claims that the images are substantially similar. *Compare* ECF No. 1-1 *with* ECF Nos. 5-4, 61-2, 61-3, 61-4, 61-5. Accordingly, the Plaintiff has alleged all the required elements to state a claim for copyright infringement. Therefore, Plaintiff is entitled to entry of final default judgment on its claim of copyright infringement against the Remaining Defendants.

### 2. Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count II)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). In order to prevail on its trademark infringement claim under § 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to Plaintiff's trademark such that consumers were likely to confuse the two. *Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *see also Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

To establish its claim, the Plaintiff alleged that it is the owner of all rights in and to the GOPRO Trademarks, *see* ECF No. 1 at ¶¶ 19, 71, that the Remaining Defendants have no authorization or license to use the GOPRO Trademarks, *id.* at ¶¶ 36, 48, and that the Remaining Defendants "are willfully infringing and intentionally using counterfeits of the GOPRO Trademarks," *id.* at ¶ 71, and "have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the GOPRO Trademarks without Plaintiff's permission," *id.* at ¶ 70.   According to the complaint, the Defendants' activities are "likely to cause and [are] causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public" and damages to the Plaintiff.   *Id.* at ¶¶ 71, 74.   Thus, the Plaintiff has sufficiently alleged facts establishing each of the elements necessary to state a claim for trademark counterfeiting and infringing under § 32 of the Lanham Act and is entitled to default judgment on this claim.

3.       *False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count III)*

To prevail on its claim for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must establish that Defendants used in commerce, in connection with any goods or services, "any word, term, name, symbol or device, or any combination thereof, or any false designation of origin" that is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of Defendants with Plaintiff, or "as to the origin, sponsorship, or approval of" Defendants' goods, services, or commercial activities by the Plaintiff. *See* 15 U.S.C. § 1125(a)(1).   The test for liability for false designation of origin under § 1125(a) is the same as for a trademark counterfeiting and infringement claim—*i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See, e.g.*, *Zuru Inc.*, 2024

WL 1809310, at *2 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (Stevens, J., concurring)).

Here, the Plaintiff alleged that the Defendants' "illegal products," which "purport[ed] to be genuine and authorized products displaying the GOPRO Copyrights and bearing GOPRO Trademarks" but which were not genuine or authorized GOPRO products and were not authorized to display or bear the GOPRO Copyrights or GOPRO Trademarks, were "improperly advertis[ed], market[ed], and/or s[old]" through "Internet e-commerce stores." ECF No. 1 at ¶¶ 4, 5; *see also id.* at ¶¶ 25, 36, 48, 76. Further, the Plaintiff alleged that "Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of" the counterfeit products by the Plaintiff. *Id.* at ¶¶ 77, 78. The Plaintiff's allegations establishing that the Remaining Defendants used the GOPRO Trademarks and GOPRO Copyrights in commerce without authorization and caused confusion are sufficient to state a claim for false designation of origin under § 42(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Plaintiff is therefore entitled to default judgment on Count III.

### 4.   *Common Law Unfair Competition (Count IV)*

"The analysis of Florida common law claims of . . . unfair competition is the same as federal claims." *GR Opco, LLC v. Eleven IP Holdings*, No. 22-24119-CIV, 2024 WL 4110524, at *6 (S.D. Fla. July 17, 2024), *report and recommendation adopted*, 2024 WL 4104288 (S.D. Fla. Sept. 5, 2024); *see also, e.g.*, *KAWS, Inc. v. Printify Inc.*, No. 23-CV-24063, 2024 WL 3916493, at *6 (S.D. Fla. Aug. 23, 2024) ("Florida law unfair competition claims are evaluated in same manner as trademark infringement claims."); *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F.

Supp. 3d 1340, 1362 (S.D. Fla. 2017) (concluding that "the legal analysis for Lanham Act claims applies to" Florida claims of unfair competition); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) ("The analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act."); *Investacorp, Inc. v. Arabian Investment Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1521 (11th Cir. 1991) (recognizing that the analysis of Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim).

As to Count IV, the Plaintiff alleged that the Remaining Defendants "promot[ed], market[ed], offer[ed] for sale, and s[old]" counterfeit GOPRO products using, without authorization, the GOPRO Trademarks and GOPRO Copyrights to "knowingly and intentionally trade upon Plaintiff's reputation and goodwill," and "fraudulently represented . . . that the Counterfeit Products are Plaintiff's products including, for example, by: (i) using SEO tactics and social media to misdirect customers seeking GOPRO products to Defendants' online marketplace accounts; (ii) using deceptive advertising practices within the text and metadata of the online marketplace accounts; and (iii) taking other steps to deceive and confuse the consuming public," and that the Remaining Defendants' statements and actions have "caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public." ECF No. 1 at ¶¶ 82-86. These allegations are sufficient to state a Florida common law claim for unfair competition.

### B.    Liability

Here, the Plaintiff has alleged sufficient facts to establish the elements of each of its claims, and the factual allegations in the Plaintiff's complaint have additionally been substantiated by sworn declarations and other evidence establishing the Remaining Defendants' liability under each of the claims asserted in the complaint, s*ee* ECF Nos. 5-1, 5-4, 61-1, 61-2, 61-3, 61-4, 61-5. Under

the circumstances presented in this case, entry of default judgment in favor of the Plaintiff and against the Remaining Defendants pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.      Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law.  *See* 15 U.S.C. § 1116(a).  Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).  Similarly, the Copyright Act provides that a court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), and injunctions are regularly issued pursuant to § 502 because "the public interest is the interest in upholding copyright protections."  *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (quoting *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.1993)); *see also, e.g.*, *XYZ Corp.*, 668 F. Supp. 3d at 1275 ("Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction.").  Moreover, even in a default judgment setting, injunctive relief is available.  *See, e.g.*, *PetMed Express*, 336 F. Supp. 2d at 1222-23; *Arista Records*, 298 F. Supp. 2d at 1314.  Permanent injunctive relief is appropriate where a Plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) the issuance of an injunction is in the public's interest.  *eBay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 392-93 (2006).

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Further, "'[i]n order for an injury to be irreparable, it cannot be undone through monetary remedies.'" *Alpha Signs & Designs v. Individuals*, No. 24-cv-20096, 2024 WL 3543724, at *4 (S.D. Fla. Apr. 3, 2024) (quoting *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1362 (S.D. Fla. 2012)), *report and recommendation adopted sub nom. Alpha Signs & Designs v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, 2024 WL 3543702 (S.D. Fla. May 24, 2024). The Plaintiff's complaint alleges, and the submissions by the Plaintiff show, that the Defendants are improperly advertising, marketing, offering for sale, and/or selling goods bearing or using counterfeits or infringements of the GOPRO Trademarks and GOPRO Copyrights, and consumers viewing Defendants' counterfeit products would confuse them for genuine products bearing the GOPRO Trademarks. *See, e.g.*, ECF No. 1 at ¶¶ 4-9, 32-42, 48, 50. The Plaintiff's complaint further alleges that the Defendants' unlawful actions have caused Plaintiff irreparable injury, including to Plaintiff's good will and reputation, and will continue to do so if the Remaining Defendants are not permanently enjoined. *See, e.g.*, *id.* at ¶¶ 50, 67, 75, 80, 88.

Plaintiff has no adequate remedy at law so long as the Remaining Defendants continue to operate the Seller IDs because the Plaintiff cannot control the quality of what appear to be its GOPRO products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' counterfeiting and

infringing actions are allowed to continue.  Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace.  *See* ECF No. 1.  By contrast, the Remaining Defendants face no hardship if they are prohibited from infringing upon the Plaintiff's trademarks and copyrights, which are unlawful acts.

Finally, the public interest supports the issuance of a permanent injunction against the Remaining Defendants to prevent consumers from being misled by Defendants' counterfeit and infringing products.  *See Arista Recs*, 298 F. Supp. 2d at 1314 (finding that the imposition of an injunction would not disserve the public interest because "the public interest *is* the interest in upholding copyright protections") (emphasis added); *Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

Unless the Remaining Defendants are enjoined from continuing to infringe on the GOPRO Trademarks and Copyrights, they will be free to continue infringing on the Plaintiff's trademark and copyright rights with impunity and will continue to defraud the public with their illegal activities.  Having established all four elements necessary for injunctive relief, the Plaintiff is entitled to a permanent injunction.

### D.    Statutory Damages for Copyright Infringement

In addition to injunctive relief, the Plaintiff seeks damages.  *See* ECF No. 61.  A copyright owner may choose between two types of damages: actual damages and profits, or statutory damages.  *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997).  The Copyright Act provides for statutory damages for copyright infringements "in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed willfully."  *XYZ Corp.*, 668 F. Supp. 3d at 1276-

77.   "In awarding enhanced damages in the context of section 504(c)(2), 'deterrence of future violations is a legitimate consideration' because 'defendants must not be able to sneer in the face of copyright owners and copyright laws.'"   *XYZ Corp.*, 668 F. Supp. 3d at 1277 (quoting *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990)).   "In interpreting section 504(c), courts have held that the statute vests the trial court with wide discretion to set damages within the statutory limits."   *Id.* (quoting *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994)).

"Defendants, who have not appeared, control all the necessary information for a calculation of relief under § 504(b)."   *Id.*   As a result, the Plaintiff cannot calculate an amount recoverable pursuant to 17 U.S.C. § 504(b).   Instead, the Plaintiff seeks statutory damages for the Defendants' willful infringement of Plaintiff's GOPRO Copyrights under 17 U.S.C. § 504(c)(2).   *See* ECF No. ECF No. 42 at 9-10.

To determine whether the Plaintiff is entitled to statutory damages for the Remaining Defendants' willful infringement, the Court must first determine if the copyright infringement was willful.   *XYZ Corp.*, 668 F. Supp. 3d at 1277.   "Willful infringement occurs 'when the infringer acted with "actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright."'"   *Id.* (quoting *Arista Records*, 298 F. Supp. 2d at 1312).   A court may infer that a defendant willfully infringed upon a plaintiff's copyright because of a defendant's default.   *Id.* (citing *Arista Records*, 298 F. Supp. 2d at 1313).

Here, the Plaintiff alleged that the Defendants were, without authorization, "directly copying" or using "strikingly similar, or at the very least substantially similar" representations of the GOPRO Copyrights in their selling, offering to sell, marketing, distributing, and advertising of infringing products.   ECF No. 1 at ¶¶ 55, 57; *see also* ECF No. 5-4 (Photographs of Infringing

Listings); ECF Nos. 61-2, 61-3, 61-4, 61-5. Indeed, the Plaintiff specifically alleged that the "Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue[d] to use the GOPRO Copyrights . . . in connection with the advertisement, distribution, offering for sale, and sale" of counterfeit versions of the Plaintiff's products over the Internet. *Id.* at ¶ 48; *see also id.* at ¶¶ 52, 60-61, 64. These facts, established by the Remaining Defendants' default and the well-pleaded facts of the complaint, demonstrate that the Remaining Defendants acted willfully, that is, knowingly or with at least reckless disregard of the fact that their conduct infringed upon the Plaintiff's exclusive copyrights. Accordingly, the Plaintiff has adequately established that the Remaining Defendants' infringement of Plaintiff's copyrights was willful.

The Plaintiff requests that the Court award statutory damages of $150,000.00 against each of the defaulting Remaining Defendants. ECF No. 61 at 14. This suggested award is within the statutory range for a willful violation and is sufficient and appropriate to compensate the Plaintiff, punish each Remaining Defendant, and deter the Defendants and others from continuing to infringe the Plaintiff's copyrights.

### E.    Statutory Damages for the Use of Counterfeit Marks under the Lanham Act

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good

or service.  15 U.S.C § 1117(c)(2).  Here, the Plaintiff has elected statutory damages pursuant to § 1117(c) as to Count II of the complaint.

Statutory damages under the Lanham Act are "particularly appropriate in the default judgment context" because it is difficult to ascertain the defendants' profits and because the defendants have not participated in the litigation.  *See CreeLED, Inc. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A,"* No. 22-CV-23683-JEM/Becerra, 2023 WL 6130593, at *4 (S.D. Fla. Sept. 11, 2023) (citing *Tiffany (NJ) LLC v. Benefitfortiffany.com*, No. 16-60829-Civ-Lenard/Goodman, 2016 WL 8679081, at *7 (S.D. Fla. Nov. 3, 2016)); *see also PetMed Express*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").  The Court has wide discretion to determine the amount of such statutory damages.  *See PetMed Express*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F. 2d 839, 853 (11th Cir. 1990)).  An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement.  *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-civ, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Form Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enters. Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits.  An award of statutory damages pursuant to 15 U.S.C. § 1117(c) is "intended not just for compensation for losses, but also to deter wrongful conduct."  *See CreeLED*, 2023 WL 6130593, at *4 (citing *PetMed Express*, 336 F. Supp. 2d at 1220-21)).

Here, the allegations in the complaint, which are taken as true, clearly establish that the

Remaining Defendants intentionally copied the GOPRO Trademarks for the purpose of deriving benefit from the Plaintiff's goodwill and reputation.  ECF No. 1 at ¶¶ 71-75; *see also id.* at ¶¶ 48, 51-52.  As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that the Remaining Defendants do not continue their intentional and willful counterfeiting activities.

The record in this case demonstrates that the Remaining Defendants sold, promoted, distributed, advertised, and/or offered for sale products bearing marks, which were, in fact, counterfeits of the GOPRO Trademarks.  *See* ECF No. 1.  Based on the above considerations, the Plaintiff requests that the Court award statutory damages of $200,000.00 against each of the Remaining Defendants.  *See* ECF No. 61 at 17.  The requested amount of statutory damages should be sufficient to deter the Remaining Defendants and others from continuing to counterfeit or otherwise infringe upon the GOPRO Trademarks, compensate Plaintiff, and punish the Remaining Defendants, all stated goals of 15 U.S.C. § 1117(c).  The Court finds that this requested award of statutory damages—$200,000.00 per Remaining Defendant—falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.[4]

### IV.    CONCLUSION

For the foregoing reasons, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. 61, be **GRANTED** with respect to the Remaining Defendants,  that default final judgment be entered in favor of the

---

[4] Although the Plaintiff has also asserted claims for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count III), and unfair competition under Florida common law (Count IV), the Plaintiff acknowledges that damages for such claims are encompassed within its requested damages pursuant to § 1117(c), and the Plaintiff seeks no additional damages based on those claims.  *See* ECF No. 61 at 18.

Plaintiff and against the Remaining Defendants, and that the Court award damages and injunctive relief as described above.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within three (3) days from the date of this Report and Recommendation, that is, **by Friday, November 22, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 19th day of November 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
       Counsel of Record

**Schedule A**

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 1 | AUSEK LIMITED | https://hkausek.en.alibaba.com |
| 2 | Chengdu Jingfeng Optical Technology Co., Ltd. | https://cnjf2019.en.alibaba.com |
| 3 | Dongguan Hdking Smart Technology Co. Ltd | https://hdkingcamera.en.alibaba.com |
| 4 | Guangzhou Yuexiu District Yanbing Photographic Equipment Store | https://yanbing.en.alibaba.com |
| 5 | Hunan Fanjie Biological Technology Co., Ltd. | https://hnfanjie.en.alibaba.com |
| 6 | Hunan Hanli Network Technology Co., Ltd. | https://hnhl123.en.alibaba.com |
| 7 | Quanzhou Bomeirui Import&Export Trade Co. Ltd. | https://bomeirui.en.alibaba.com |
| 8 | Shenzhen Adika Technology Co., Limited | https://adika.en.alibaba.com |
| 10 | Shenzhen Boyuan Technology Co., LTD | https://lgboyuan.en.alibaba.com |
| 12 | Shenzhen Gofuture Technology Co., Ltd. | https://car-dvr.en.alibaba.com |
| 14 | Shenzhen Huluwa Mutual Entertainment Technology Co., Ltd. | https://sparkenergy.en.alibaba.com |
| 15 | Shenzhen Jianan Technology Co., Ltd. | https://cn1522894301apri.en.alibaba.com |
| 16 | Shenzhen Jingyue Technology Co., Ltd. | https://jingyuetec.en.alibaba.com |
| 18 | Shenzhen Mingxi Trading Co., Ltd. | https://mingxi0195.en.alibaba.com |
| 19 | Shenzhen Poki Technology Co., Ltd | https://szpoki.en.alibaba.com |
| 20 | Shenzhen Sincere Tech Co., Ltd. | https://sinceretech.en.alibaba.com |
| 21 | Shenzhen Somo Technology Co., Ltd. | https://somo.en.alibaba.com |
| 22 | Shenzhen STARTRC Technology Co., Ltd. | https://startrc.en.alibaba.com/ |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 23 | Shenzhen Tengwenda Technology Co., Ltd. | https://tengwenda.en.alibaba.com |
| 24 | Shenzhen Wonderful Digital Technology Co., Ltd. | https://wonderful1688.en.alibaba.com |
| 25 | Shenzhen Youfan Industry Co., Ltd. | https://gdyoufan.en.alibaba.com |
| 26 | Shenzhen Zhencheng Technology Co., Ltd. | https://sjcamhd.en.alibaba.com |
| 29 | Zhongshan Mingju Electronic Technology Co., Ltd. | https://mingjukeji.en.alibaba.com |
| 30 | 3C-Camera Store | https://www.aliexpress.com/store/1101375424 |
| 31 | Afant Store | https://www.aliexpress.com/store/1101651753 |
| 32 | A-G-A-G-Technology Store | https://www.aliexpress.com/store/1101954959 |
| 33 | Amy Wholesale Electronic Co., Ltd. | https://www.aliexpress.com/store/1100690124 |
| 34 | Autoeye Super Store | https://www.aliexpress.com/store/1101938215 |
| 35 | Camera base Store | https://www.aliexpress.com/store/1101392634 |
| 36 | CIRO GLOBAL Store | https://www.aliexpress.com/store/1102280544 |
| 37 | Egoer Store | https://www.aliexpress.com/store/1101547338 |
| 39 | EXSKOF Official Store | https://www.aliexpress.com/store/1100790570 |
| 40 | GoPro choice Store | https://www.aliexpress.com/store/1102924785 |
| 42 | HGDO Translation Store | https://www.aliexpress.com/store/1101582206 |
| 43 | Lanbeika 3C Store | https://www.aliexpress.com/store/1100499191 |
| 44 | Long Xiang digital Store | https://www.aliexpress.com/store/1100419886 |
| 45 | PROGRACE Official Store | https://www.aliexpress.com/store/1101539661 |
| 46 | Queenwill Official Store | https://www.aliexpress.com/store/1102560583 |
| 47 | reedtock Global Store | https://www.aliexpress.com/store/1100444079 |
| 49 | Shop Good Friend Tool 9 Store | https://www.aliexpress.com/store/1102508004 |
| 50 | Shop1102733322 Store | https://www.aliexpress.com/store/1102732313 |
| 51 | Shop1102736306 Store | https://www.aliexpress.com/store/1102736307 |
| 52 | Shop1102790377 Store | https://www.aliexpress.com/store/1102789399 |
| 53 | Shop911427011 Store | https://www.aliexpress.com/store/1101612822 |
| 54 | Taomei Digital Store | https://www.aliexpress.com/store/1101548220 |
| 55 | WKS Store | https://www.aliexpress.com/store/1101394927 |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---------|------------------|------------------------------|
| 61 | GOOOY | https://www.amazon.com/sp?seller=A1MC2JV63XFOBM |
| 67 | Pergear | https://www.amazon.com/sp?seller=A3P9EAC3KD93H7 |
| 80 | tyre_pitts | https://www.dhgate.com/store/about-us/21770777.html |
| 81 | BGNing | https://www.ebay.com/str/bgning |
| 82 | bora.akan | https://www.ebay.com/str/boraakan |
| 86 | department-store168 | https://www.ebay.com/usr/department-store168 |
| 88 | first2sav-direct | https://www.ebay.com/usr/first2sav-direct |
| 90 | Girly Donna | https://www.ebay.com/str/girlydonna |
| 91 | g-luckyhome | https://www.ebay.com/str/gluckyhome |
| 92 | Gohiii | https://www.ebay.com/str/angdasshop |
| 93 | hl_1999 | https://www.ebay.com/usr/hl_1999 |
| 94 | keren4829 | https://www.ebay.com/usr/keren4829 |
| 95 | kingsdemit | https://www.ebay.com/usr/kingsdemit |
| 98 | monalp | https://www.ebay.com/str/monalp |
| 99 | oncost | https://www.ebay.com/usr/oncost |
| 104 | wanwanxu | https://www.ebay.com/str/wanwanxu |
| 105 | Welcome to DidiLaDi's Store | https://www.ebay.com/str/clickheresurprise |
| 106 | yolanda2015 | https://www.ebay.com/usr/yolanda2015 |
| 108 | forreste | https://www.temu.com/forreste-m-634418210854094.html |
| 112 | Action Hero | https://www.wish.com/merchant/5e28516125ef5f1d32eb35a3 |
| 116 | FTNY Phone Accessories | https://www.wish.com/merchant/59f5629072765365ede903d2 |
| 117 | Grase's department store | https://www.wish.com/merchant/5ab23a871843541bd9c42f93 |
| 120 | MaojiuzonglulOj | https://www.wish.com/merchant/5e86dc2d333873b7327102a8 |
| 121 | MarycelaGalindo | https://www.wish.com/merchant/5e79f3853a27aa7e2fc1e2da |
| 123* | sipeng888 | https://www.wish.com/merchant/5b6547347f86da11a7aa265f |
| 125 | Telunsi | https://www.wish.com/merchant/5d57f1e040defd70c0ace703 |
| 127 | Ty1012 Store | https://www.wish.com/merchant/5ad49b919c15ff1e17e2864e |
| 128 | xidian store | https://www.wish.com/merchant/5d5e17de560eca4da7b2c4af |
| 129 | Xiny_Store | https://www.wish.com/merchant/5a2a82250f193f548243adfc |

---

* Although the Plaintiff has listed Defendant No. 123 as "sipeng666" in ECF Nos. 68 and 72, that appears to be a clerical error in reproducing the seller information that was set forth in the original Schedule A, ECF No. 12-1, and in the website information accompanying the Plaintiff's filings.